IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Clintina Taylor, individually, and as Guardian for Nivea Taylor, a minor child, on behalf of themselves and others similarly situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | No.: 09 CV 7911 |
| **City of Chicago, Illinois, and Chicago Police Officer James Regnier,** | ) ) ) | Honorable Judge Joan Lefkow |
| **Defendants.** | ) ) | |

## MOTION TO DISMISS

NOW COME defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICER JAMES REGNIER, by and through their attorneys, Steven B. Borkan and Timothy P. Scahill of BORKAN & SCAHILL, LTD., and pursuant to Fed. R. Civ. P. 12(b)(6) move to dismiss plaintiffs' Clintina Taylor, individually, and as Guardian for Nivea Taylor, a minor child, on behalf of themselves and others similarly situated, Complaint. In support thereof, defendants state as follows:

## INTRODUCTION

The above-captioned action seeks recovery under a panoply of legal theories sounding in state and federal law arising from the alleged non-fatal shooting of plaintiffs' dog on September 12, 2009 by Chicago Police Officer James Regnier ("Officer Regnier"). Compl. at ¶¶ 1, 11-32. Specifically, plaintiffs allege that their dog got loose in the neighborhood, that Officer Regnier responded to an emergency 911 call made in relation to this dog, and that Officer Regnier shot this dog while it was on the sidewalk and outside of plaintiffs' immediate control. *Id.* at ¶¶ 15-22. The dog was loose at the time that it was shot and plaintiffs allege that they were across the street from the dog at the time it was shot. *Id.* at ¶ 26. Plaintiffs do not allege that the dog was killed and, indeed, plaintiffs suggest that the dog remains alive and in plaintiffs' care. *Id.* at ¶ 1(alleging "the shooting and severe injury" of plaintiffs' dog); ¶ 30 (seeking damages for "diminished value to [plaintiffs' dog]"); Ct. VIII (seeking damages for "[the dog's] serious injuries and a loss in value, quality and

1

condition"); Ct. IX, ¶ 96 (alleging that Officer Regnier's actions caused plaintiffs' dog "to suffer severe injuries").

Plaintiffs' allege three claims arising under federal law: (1) Fourth and Fourteenth Amendment claims based on the shooting of plaintiffs' dog; (2) a "Monell" Claim relating to the City of Chicago's purported policy relating to the shooting of dogs; and (3) an "Excessive Force" Claim based on Officer Regnier's use of force against plaintiff's dog. Compl. at Cts. I-III. Plaintiffs also brings a panoply of state law claims arising from the same alleged facts as stated above and, indeed, seeks to have this matter proceed as a "class action" to which "[a]ll persons that own pets in the City of Chicago, Illinois" would be class members. *Id.* at ¶¶ 33-37, Cts. IV-X. As set forth below, plaintiffs' Complaint must be dismissed pursuant to fed. R. Civ. P. 12(b)(6).

## ARGUMENT

**I.  FEDERAL CLAIMS.**

At the outset, constitutional violations arising from the shooting of a dog are cognizable, if at all, solely as an unreasonable seizure of the dog owner's property under the Fourth Amendment. *See Viilo v. Eyre*, 547 F. 3d 707, 709-10 (7th Cir. 2008). There is no Fourteenth Amendment claim available arising from the shooting of a dog. *See Kay v. County of Cook, Illinois*, 2006 WL 2509721, *4 (N.D. Ill. 2006)(dismissing with prejudice claim based on unreasonable shooting of dog analyzed under Fourteenth Amendment because such theory was properly analyzed under Fourth Amendment); *Brandon v. Village of Maywood*, 157 F.Supp.2d 917, 930-31 (N.D.Ill. 2001)(same); *see also Viilo v. City of Milwaukee*, 552 F.Supp.2d 826, 842 (E.D.Wis.,2008)("Several courts have recognized that the killing of a pet dog by a police officer constitutes a seizure analyzed under the Fourth Amendment; thus, that amendment rather than the substantive due process clause must serve as the basis of Viilo's claim."); *Andrews v. City of W. Branch, Iowa*, Nos. C03-0009, C04-0033, 2004 WL 2808385, *2 n. 1 (N.D.Iowa Dec. 7, 2004), aff'd on this ground but overruled on other grounds, 454 F.3d 914, 917 (8th Cir.2006); *Dziekan v. Gaynor*, 376 F.Supp.2d 267, 270 (D.Conn.2005); *Harvey v. Morabito*, No. 9:99CV1913HGM/GL, 2003 WL 21402561, *5 (N.D.N.Y. June 17, 2003). Nor is there a viable claim for "excessive force" brought on behalf of a dog. *See* U.S.C.A. Const.Amend. 4 ("The right of the **people** to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...")(emphasis added); *see e.g.*

*Kihlstadius v. Nodaway Veterinary Clinic*, 697 F.Supp. 1087, 1087-88 (W.D. Mo. 1988)(dogs have no civil rights under constitution). Accordingly, at minimum, Counts II and III must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

As far as the Fourth Amendment is concerned, the non-fatal shooting of a dog loose in a neighborhood for which civilians summoned the police via a 911 call and that was out of the direct control of the alleged owner does not rise to a Constitutional magnitude. While it is true that the Seventh Circuit and other Circuits have found that the *killing or destruction* of a pet may constitute a "seizure" in violation of the Fourth Amendment (*see e.g. Viilo*, 547 F. 3d at 709-10), the non-fatal shooting of a dog that is running loose through a neighborhood simply does not state a viable Fourth Amendment claim.

*Brandon v. Village of Maywood* is instructive in this regard. As in this case, the plaintiff in *Brandon* asserted causes of action under both the Fourth and Fourteenth Amendment arising from the non-fatal shooting of plaintiff's dog who had approached the officers while the police were subduing an arrestee. *Id.* at 930-31. Judge Bucklo found that these circumstances simply did not rise to the level of a constitutional violation under either Amendment and, even if it did, qualified immunity immunized such conduct. *Id.* at 930-31 ("Although the officers collectively fired nineteen rounds at the dog, they did not kill it. And even if their actions were objectively unreasonable, I conclude that reasonable officers under the same circumstances could have made a reasonable mistake."); *Ferrell v. Soto*, 2008 WL 342957, *5-6 (N.D. Ill. 2008)(seizure of dogs that did not involve their destruction did not violate Fourth Amendment).

The Fourth Circuit's decision in *Altman v. City of High Point, N.C.*, 330 F. 3d 194 (4th Cir. 2003) also supports this conclusion. *Altman* found no Fourth Amendment violation regarding the killing of dogs that had gotten loose in the city. *Id.* at 204-06. In this regard, the Court noted that, while the killing of a pet dog may constitute a Fourth Amendment "seizure," the "reasonableness" of such "seizure" by the police becomes apparent when individuals "allow their dogs to run at large, unleashed, uncontrolled, and unsupervised." *Id.* at 205-06. Under these circumstances, "dog owners forfeit many of these possessory interests" protected by the Fourth Amendment because "at that point the dog ceases to become simply a personal effect and takes on the nature of a public nuisance." *Id.*; *see also Pfeil v. Rogers,* 757 F.2d 850, 865 (7th Cir.1985) ("We therefore hold that because the dogs

3

were unlicensed and had been running at large, the defendants' actions in entering Rob's property without a search warrant were authorized under Wisconsin law and thus no issue of fact remains as to the plaintiff's claim of a Fourth Amendment violation" with respect to shooting of dogs.); *Brandon* at 931 (noting that the manner in which police address loose dogs in which they come into contact "require[s] a split-second or spur-of-the moment decision" because the police have "a strong interest in not being injured by a dog with, at the very least, an unknown propensity for violence."); *see also Warboys v. Proulx*, 303 F.Supp.2d 111, 117-18 (D.Conn. 2004)(officer would be entitled to qualified immunity for shooting of dog even if this was a constitutional violation despite fact that officer did not determine whether dog was approaching him merely to greet him and sniff him; "The court acknowledges that [the dog] may indeed have approached the officer and his police canine merely to greet and sniff them or to receive a friendly pat on the head. At the same time, however, the court notes that had Proulx refrained from shooting the pit bull when he did and had [the dog]'s behavior turned out to have been hostile, it would have been too late for Proulx to use his firearm safely in order to defend himself and his police dog.")

In this case, plaintiffs admit that their dog was loose in the neighborhood and out of their immediate control. Compl. at ¶¶ 15-27. Plaintiffs admit that Officer Regnier was summoned to the scene via an emergency 911 call about this dog. *Id.* at ¶ 18. Most importantly, plaintiffs admit that their dog was not killed or destroyed by Officer Regnier and is apparently still in their care to this day. *Id.* at ¶¶ 1, 30. Under the circumstances, these actions simply do not violate the Constitution and, even if they did, Officer Regnier would be entitled to qualified immunity for any such Constitutional violation under the circumstances.

Because Officer Regnier is not liable for any Constitutional violation, plaintiffs cannot establish a *Monell* claim. *Durkin v. City of Chicago*, 341 F. 3d 606, 615 (7th Cir. 2003); *Treece v. Hochstetler*, 213 F. 3d 360, 364 (7th Cir. 2000).

**II.     STATE CLAIMS.**

As stated above, plaintiffs have asserted no viable federal claims. Accordingly, this Court should simply refuse to exercise its supplemental jurisdiction over plaintiffs' state law counts pursuant to 28 U.S.C. § 1367(c). *Schor v. Daley*, 563 F. Supp. 2d 893, 903 (N.D. Ill. 2008).

However, in the event this Court deems any of plaintiffs' federal claims sufficient to survive

this motion to dismiss, there are a host of independent deficiencies within these Counts.

First, plaintiffs appear to assert a number of claims asserting "negligence" or conduct short of "willful and wanton conduct" on the part of Officer Regnier. *See* Compl. at Ct. V ("Negligence"), VII ("Negligent Infliction of Emotional Distress"), VIII ("Trespass to Chattels"). A police officer acting within the scope of his duties as a police officer and while attempting to enforce or execute the law (which plaintiff clearly alleges to be the case here (*see* Compl. at ¶¶ 4-32)) cannot be held liable for mere negligence. *See* 745 Ill. Comp. Stat. 10/2-202; Gordon v. Devine, 2008 WL 4594354, *9 (N.D.Ill. 2008); *Allen v. City of Zion*, 2003 WL 22078374, *3 (N.D. Ill. 2003). Accordingly, these Counts must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Second, plaintiffs appear to seek recovery against Officer Regnier for a putative violation of a criminal statute. *See* Compl. at Ct. IX. Alleged violations of criminal statutes do not provide a viable basis for a civil action. *See Smith v. U.S.*, 293 F.3d 984, 988 (7th Cir. 2002)(noting "a criminal statute...provides no private cause of action"); *Chapa v. Adams*, 168 F.3d 1036 (7th Cir. 1999)("Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are accordingly poor candidates for the imputation of private rights of action...That reluctance to form private entitlements from criminal prohibitions blocks the judicial creation of private rights of action as well."); *White v. Sherrod*, 2009 WL 196332, *1 (S.D.Ill. 2009)("Criminal statutes do not provide for private civil causes of action."); *Nelson v. Chertoff*, 2008 WL 4211577 (N.D. Ill. 2008)("It is well settled that criminal statutes generally do not provide for private civil causes of action."). Accordingly, this Count must be dismissed as well pursuant to Fed. R. Civ. P. 12(b)(6).

WHEREFORE defendants pray that plaintiffs' Complaint be dismissed pursuant to fed. R. Civ. P. 12(b)(6).

                Respectfully submitted,

                BORKAN & SCAHILL, LTD.

                By:  s/Timothy P. Scahill
                    Timothy P. Scahill

Steven B. Borkan (6193463)
Timothy P. Scahill (6287296)
BORKAN & SCAHILL, LTD.
Two First National Plaza
20 South Clark Street
Suite 1700
Chicago, Illinois 60603
(312) 580-1030